UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. WORMUTH,            :        CIVIL NO. **1:07-CV-0897**
                               :
          Petitioner           :        (Chief Judge Kane)
     v.                        :
                               :        (Magistrate Judge Smyser)
JANINE M. DONATE, ET AL.,      :
                               :
          Respondents          :


**REPORT AND RECOMMENDATION**


        This is a petition for a writ of habeas corpus that has
been filed by a state prisoner.  The petitioner was sentenced on
October 21, 2005 to a term of imprisonment of four months to
twenty-four months.  The claim of the petitioner that he is in
custody in violation of his federally protected rights is
factually based upon the contention that the petitioner had been
charged with a summary offense disorderly conduct charge and
pleaded guilty to a summary offense disorderly conduct charge, but
was subsequently sentenced as though his offense of conviction had
been a more serious third degree misdemeanor disorderly conduct
charge.  He alleges that a documentary record to support the
misdemeanor charge was created after his sentencing by the filing

and docketing of a criminal information alleging the more serious
third degree misdemeanor 18 P.S. § 5503(b) charge.

He alleges that he filed a Pennsylvania PCRA petition
raising the claim that he is raising in this petition.  It was
dismissed by the Lackawanna Court of Common Pleas.  He later filed
habeas corpus petitions in that court raising claims based upon
this occurrence, and those were dismissed.  He acknowledges in his
petition that he did not file an appeal from any of these adverse
rulings.

There has been no appeal taken from any trial court
ruling.

The text of 28 U.S.C. § 2254 is as follows:

(a) The Supreme Court, a Justice thereof, a circuit
judge, or a district court shall entertain an
application for a writ of habeas corpus in behalf of
a person in custody pursuant to the judgment of a
State court only on the ground that he is in custody
in violation of the Constitution or laws or treaties
of the United States.

(b)(1) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the
judgment of a State court shall not be granted unless
it appears that--

(A) the applicant has exhausted the
remedies available in the courts of the
State; or

2

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody

3

pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and

4

circumstances what weight shall be given to the State court's factual determination.

(g) A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

(i) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts

5

should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state

court remedies under § 2254(c). *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).  In the case of the petitioner Wormuth, there has not been any appeal whatsoever, i.e., no appeal to the Superior Court of Pennsylvania.

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'").  A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.*  Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

7

Because it appears that any further Post Conviction Relief Act petition filed by the petitioner would be untimely, *see 42 Pa.C.S.A.§9545(b)(petition must be filed within one year of the date judgement becomes final),* it is not clear that there is any state remedy left for the petitioner to exhaust.  We conclude that the petitioner has procedurally defaulted his claim of a violation of his federally protected rights.  The petitioner has not shown cause[1] and prejudice or a fundamental miscarriage of justice to excuse the default.

---

[1] To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Ineffective assistance of counsel may meet this standard but only if the ineffective assistance of counsel claim has been exhausted in the state courts as an independent claim. *Id.*  In the instant case, the petitioner can not establish ineffective assistance of counsel as cause for his failure to present his defaulted claims to the Pennsylvania courts because the petitioner has not exhausted such ineffective assistance claims in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself.").  Moreover, since there is no Sixth Amendment right to representation during a collateral challenge to a conviction, the ineffectiveness of PCRA counsel can not serve as cause for a procedural default. *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

Therefore, it is recommended that the petition for a writ of habeas corpus be denied.

**_/s/ J. Andrew Smyser_**
J. Andrew Smyser
Magistrate Judge

Dated:  August 1, 2007.