IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. WORMUTH, | : | |
|     Petitioner | : | Civil Action No. 1:07-CV-897 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JANINE M. DONATE, Warden, | : | |
| and ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA | : | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Michael Wormuth's petition for a writ of habeas corpus (Doc. No. 1), Magistrate Judge Smyser's report and recommendation (Doc. No. 13), and Petitioner's objection thereto (Doc. Nos. 14, 15). For the following reasons, the Court will adopt the report and recommendation, overrule Petitioner's objection, and deny the petition.

**I.   PROCEDURAL BACKGROUND**

On May 17, 2007, Petitioner Wormuth filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and a memorandum in support of his petition (Doc. No. 2). The Court directed the Clerk to serve the petition upon Respondents, who filed an answer on June 12, 2007. (Doc. Nos. 7, 8.) On June 22, 2007, Petitioner filed a reply. (Doc. No. 9.)

On August 6, 2007, Magistrate Judge Smyser issued a report and recommendation (Doc. No. 13), in which he recommended that the Court deny the petition for a writ of habeas corpus because Petitioner procedurally defaulted on his constitutional claims. Petitioner filed a timely objection to the report and recommendation. (Doc. Nos. 14, 15.)

**II.   DISCUSSION**

Where a litigant timely objects to a magistrate judge's report and recommendation, a

district judge must undertake a <u>de novo</u> review.  <u>Nara v. Frank</u>, 488 F.3d 187, 194 (3d Cir. 2007) (citing <u>Peretz v. United States</u>, 501 U.S. 923, 939 (1991)).  Here, Petitioner filed a timely objection, and thus <u>de novo</u> review is required.

In his report and recommendation, Magistrate Judge Smyser found that Petitioner procedurally defaulted his constitutional claims.  Upon review of the record, the Court agrees with the careful reasoning of the report and recommendation.  Nevertheless, Petitioner's objection on the grounds that he is actually innocent merits further discussion.

Actual innocence excuses procedural default.  <u>Hubbard v. Pinchak</u>, 378 F.3d 333, 338 (3d Cir. 2004).  In order to establish actual innocence sufficient to overcome a procedural default, a habeas petitioner "must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995)) (internal quotation marks omitted).  The Supreme Court has cautioned that "'actual innocence' means factual innocence, not mere legal insufficiency," <u>Bousley</u>, 523 U.S. at 623, and that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare," <u>Schlup</u>, 513 U.S. at 324.  This Court finds that Petitioner has not met his burden to demonstrate actual innocence.

Petitioner's position is that, while he is guilty of a summary offense, he is innocent of the third-degree misdemeanor with which he was charged.[1]  On October 21, 2005, Petitioner

---

[1] On several occasions, the Third Circuit has assumed, without resolving the question, that the "actual innocence test applies in a non-capital case where 'there is evidence that defendant committed the crime but argues that he or she was responsible for a lesser degree of guilt.'"  <u>Sweger v. Chesney</u>, 294 F.3d 506, 522 n.17 (3d Cir. 2002) (quoting <u>Glass v. Vaughn</u>, 65 F.3d 13, 16 (3d Cir. 1995)); <u>Cristin v. Brennan</u>, 281 F.3d 404, 421-22 n.17 (3d Cir. 2002).  The

Wormuth pleaded guilty before the Court of Common Pleas for Lackawanna County to disorderly conduct in violation of 18 Pa. Cons. Stat. § 5503(a)(1).[2] Under § 5503(b), which relates to the grading of the offense, disorderly conduct can be classified either as a third-degree misdemeanor or as a summary offense. If "the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request

---

Court will similarly assume for the purposes of this opinion that the actual innocence test applies.

[2] Section 5503 provides as follows:

> (a) OFFENSE DEFINED. --A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
>> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
>>
>> (2) makes unreasonable noise;
>>
>> (3) uses obscene language, or makes an obscene gesture; or
>>
>> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.
>
> (b) GRADING. --An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.
>
> (c) DEFINITION. --As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa. Cons. Stat. § 5503.

to desist," § 5503(b), then disorderly conduct is classified as a third-degree misdemeanor. If there is no such intent or persistence, then disorderly conduct is classified as a summary offense.

Petitioner complains that at the time he pleaded guilty, he was charged with the summary offense, and that it was not until the subsequently filed information that he was charged with a misdemeanor. The record, however, is to the contrary. The criminal complaint designated the disorderly-conduct charge as "Misd. 3rd."[3] (Doc. No. 8, at 22.) In his written guilty plea colloquy, Petitioner wrote that he understood the maximum penalty to the charges to which he was pleading guilty to be "M3 - 1 yr/2500 (x3)." (Doc. No. 8, at 27.) During the court proceedings in which Petitioner pleaded guilty, the Government described the disorderly conduct count as a "misdemeanor of the third degree." (Doc. No. 8, at 30.) Finally, the Court queried Petitioner as to whether he understood that each of the charges brought against him, including the disorderly conduct charge, carried a maximum penalty of one year of imprisonment and $2,500 in fines. (Doc. No. 8, at 31.) Accordingly, the record does not support Petitioners' contention that he pleaded guilty only to a summary offense.

Furthermore, Petitioner has not met his burden to prove that no juror would have convicted him of third-degree misdemeanor. As part of his written plea colloquy, Petitioner admitted that he created "public alarm by taking [a] purse, and fleeing the scene." (Doc. No. 8,

---

[3] Petitioner claims that the criminal complaint did not include sufficient allegations to support a misdemeanor charge. To wit, he argues that the criminal complaint does not speak to either an intent "to cause substantial harm or serious inconvenience" or "persist[ence] in disorderly conduct after reasonable warning or request to desist." However, a criminal complaint must set forth "a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint." Pa. R. Crim. P. 504(6)(a). Here, the criminal complaint would have provided ample notice to Petitioner that his disorderly conduct charge could result in a third-degree misdemeanor charge.

at 28.) It is uncontested that he is guilty of the underlying offense of disorderly conduct. Based on the record before it, the Court is unpersuaded that Petitioner is actually innocent of the misdemeanor; in other words, the Court believes that it is more likely than not that a reasonable factfinder would have found that Petitioner had the "intent to cause . . . serious inconvenience."

Accordingly, procedural default bars Petitioner's claims, and actual innocence does not excuse default.

### III.   ORDER

**AND NOW**, on this 19th day of November, 2007, for the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Magistrate Judge Smyser (Doc. No. 13) is **ADOPTED**.
2. Petitioner's objections to the report and recommendation are **OVERRULED**.
3. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania